**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| TAMIKA CHRISTOPHER, | ) | CASE NO. 8:07CV273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CLEAN COUNTRY, Inc., and | ) | |
| JIM EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed her pro se complaint on July 18, 2007.  Filing No. 1.  Plaintiff has been provisionally given leave to proceed in forma pauperis.  The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Liberally construed, the plaintiff's complaint alleges that on June 7, 2006, and on July 31, 2006, she was subjected to an offensive work environment.

On June 7, 2006, defendant Evans allegedly privately met with the plaintiff and told her she needed to get new clothes.  He allegedly instructed her to wear clothing that covered her body from her neck to her ankles, including her feet, and stated he did not want her to wear tight-fitting pants.  The plaintiff alleges that prior to this conversation, she wore open-toed shoes and loose-fitting dresses.  The plaintiff alleges that a Caucasian assistant was allowed to wear tank tops, tight-fitting hot pants, and opened-toed flip-flops to work and was never told to change her manner of dress.

The plaintiff claims that on July 31, 2006, defendant Evans again spoke privately with the plaintiff.  The plaintiff alleges defendant Evans explained that the reason he asked the plaintiff, and no one else, to change her dress was because some women dress in accordance with their culture and upbringing, and others dress to seduce him.  Defendant Evans allegedly claimed the plaintiff was trying to seduce him, and that she was one of the employees who turned him on.  The plaintiff "got up and walked out."

The plaintiff alleges she filed an EEOC claim in August of 2006, and that the claim was investigated and sent to mediation.

### B.      Applicable Legal Standards on Initial Review

The court is required to review an *in forma pauperis* complaint to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  Thus, where a pro se plaintiff can prove no set of facts that would entitle him or her to relief, the complaint must be dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

Whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. Stringer v. St. James R-1 School Dist., 446 F.3d 799 (8th Cir. 2006).  "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.  Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer, 446 F.3d at 802 (internal citations and quotation marks omitted).

**C.**     **Discussion of Claims**.

The plaintiff appears to be attempting to raise employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e- 2000e-17.  Very liberally read, the plaintiff's pro se complaint fails to state a claim.  The following outlines the deficiencies.

1.      Statutory Notice of Right to Sue.

The plaintiff's complaint states she filed an EEOC claim, which was later forwarded for mediation.  The complaint does not state whether the mediation was successful.  The plaintiff does not allege whether the EEOC issued a right-to-sue letter and, if so, when that letter was issued.   See 42 U.S.C. § 2000e-5(f)(3); 29 C.F.R. 1601.28(e)(1).

The receipt of a right-to-sue letter is not a jurisdictional prerequisite to maintaining a Title VII action, but it is a condition precedent.  Hill v. John Chezik Imports, 869 F.2d 1122, 1123-1124 (8th Cir. 1989).  If the plaintiff has received a right-to-sue letter, the court cannot grant the plaintiff Title VII relief unless she timely filed her federal lawsuit after receiving the letter, or sufficiently explains why she could not do so.   Id.   If the plaintiff never received a right-to-sue letter before filing her lawsuit, she must promptly take measures to cure that defect.  Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988)("[A] right-to-sue notice is a condition precedent to a filing of a Title VII claim, curable after the action has commenced.").

2.      Action by an"Employer" against and "Employee."

An "employer" can be held liable under Title VII for unlawful discrimination against an "employee."  However, Title VII "addresses the conduct of employers only and does not impose liability on co-workers," (Powell v. Yellow Book USA, Inc., 445 F.3d 1074, 1079 (8th

Cir. 2006)), and it "protects only employees."  Schwieger v. Farm Bureau Ins. Co. of NE,

207 F.3d 480, 483 (8th Cir. 2000).  While the court can infer from the plaintiff's complaint

that the incidents described occurred in a work setting, the plaintiff never identifies either

defendant as her employer, never describes herself as their employee, and never

specifically states the incident occurred at or during work.

3.      Title VII claims.

Assuming the plaintiff is alleging employment discrimination, she may be attempting

to raise the following Title VII claims:   a) sex and/or  race discrimination; b) hostile work

environment; and c) constructive discharge.  The plaintiff's complaint, in its current form,

does not adequately allege the elements of any of these theories of recovery.

a.      Sex and Race Discrimination.

To raise a sex discrimination claim, the plaintiff must allege: 1) she is a member of

a protected class;  2) she met her employer's legitimate expectations; 3) she suffered an

adverse employment action; and 4) similarly situated employees who were not members

of the protected class were treated differently.  Devin v. Schwan's Home Service, Inc., 491

F.3d 778, 789 (8th Cir. 2007).   Similarly, to state a racial discrimination claim, the plaintiff

must allege:  1) she is a member of a protected class; 2) she met her employer's legitimate

expectations; 3) she suffered an adverse employment action; and 4) similarly situated

employees who were not members of the protected class were treated differently.  Higgins

v. Gonzales, 481 F.3d 578, 584 (8th Cir. 2007).

The plaintiff allegedly was subjected to a dress code that was not imposed on

Caucasian women. Though implicit in the statement, the plaintiff does not allege she is a

member of a protected racial group.   She does not allege she met her employer's

4

legitimate employment expectations.  As to any "adverse employment action," she alleges that she "got up and walked out" of the July 31, 2006, private conference with defendant Evans, but she does not state that she quit or was fired, or that she suffered any other consequences for her response to the defendants' alleged offensive conduct.

        b.        Hostile Work Environment.

To state a hostile work environment claim, the plaintiff must allege:  1) she is a member of a protected group; 2) she was subject to unwelcome harassment; 3) the harassment was based on her protected status; and 4) the harassment affected a term, condition, or privilege of her employment.   Devin v. Schwan's Home Service, Inc., 491 F.3d 778, 788 (8th Cir. 2007).   The plaintiff has alleged unwelcome harassment on two occasions.  To the extent she is raising a hostile work environment claim based on race, she has failed adequately to allege that she is a member of a protected group or that the alleged harassment occurred because of her race.  To the extent the plaintiff is raising a hostile work environment claim based on sex or race, she has failed to allege that it affected a term, condition, or privilege of her employment.  See  LeGrand v. Area Resources for Community and Human Services,  394 F.3d 1098, 1103 (8th Cir. 2005)(holding three isolated incidents of unwelcome sexual advances, which occurred over a nine-month period, did not support an actionable hostile work environment claim)(collecting cases).

        c.        Constructive Discharge.

To state a constructive discharge claim, the plaintiff must allege: 1) a reasonable person in her situation would find the working conditions intolerable; and 2) her employer intended to force her to quit.  Devin, 491 F.3d at 789.  The plaintiff has not alleged facts to support either of these elements of a constructive discharge claim.

The plaintiff's complaint fails to state a claim on which relief may be granted. Pursuant to Rule 15(a) of the Federal Rule of Civil Procedure, a pleading may be amended one time "at any time before a responsive pleading is served." Therefore, the plaintiff will be allowed to file an amended complaint.

IT IS ORDERED:

1.    The plaintiff is given until November 26, 2007, to file an amended complaint, in the absence of which the plaintiff's complaint and this action will be dismissed without further notice;

2.    The Clerk of court is directed to set a pro se case management deadline in this case using the following text:  November 26, 2007–deadline for filing amended complaint; and

3.    Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 29th day of October, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge